**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1493
_____

DIRECT ENERGY BUSINESS, LLC,
                                        Appellant

v.

ACORN MHL TECHNOLOGY, LLC; AMY LAYOUS


_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-11-cv-01232)
District Judge:  Honorable Gary L. Lancaster
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 17, 2012

BEFORE:  McKEE, *Chief Judge*, and SLOVITER, VANASKIE, *Circuit Judges*.

(Opinion Filed: March 20, 2013)


_____

OPINION
_____

McKee, *Chief Judge*.

        Direct Energy Business, LLC ("Direct Energy") appeals the District Court's order

granting Appellees Acorn MHL Technology, LLC's ("Acorn") and Amy Layous's

motion to dismiss in order to allow the dispute to proceed to arbitration. For the reasons set forth below, we will affirm.

Because we write primarily for the parties, we need not repeat the facts and procedural history of this case. Moreover, the District Court has aptly summarized the relevant background. *See Direct Energy Bus., LLC v. Acorn MHL Tech., LLC*, 2012 WL 393328 (W.D. Pa. Feb. 6, 2012).

In its well-reasoned opinion, the District Court concluded that a valid agreement to arbitrate existed between the parties and that the present dispute fell within the scope of that agreement. On appeal, Direct Energy argues that the District Court's collateral finding that the Statement of Work ("SOW") Extension was incorporated into the Master Consulting Agreement and the arbitration agreement is incorrect, because it presumes that the SOW Extension was validly executed by Direct Energy.

In his detailed opinion, Judge Lancaster carefully and clearly explained his reasons for concluding that the present dispute must proceed before an arbitrator. *See id*. We can add little to his discussion or analysis and we will therefore affirm the District Court's order granting the Appellees' motion to dismiss for substantially the same reasons as set forth in that opinion without further elaboration.